KENNEDY, Justice.
The plaintiff, the International Longshoremen’s Association, Local 1984 (“ILA”), appeals from a summary judgment in favor of the defendant, the Alabama State Docks Department. At issue is whether the State Docks Department can provide salaried employees with greater insurance benefits than it provides to its hourly paid union employees.
The following material facts are undisputed:
The State Docks Department provides insurance benefits for its salaried employees through the State Employees Health Insurance Plan, Ala.Code 1975, § 36-29-1 et seq. The insurance benefits provided to ILA members who are hourly paid State Docks employees (“ILA member employees”), gives those employees a lesser level of benefits than the State Employees Health Insurance Plan affords the salaried employees.
The ILA argues that this disparity in insurance benefits violates Ala.Code 1975, § 33-l-5.2(d), and it argues that the salaried employees’ benefits must be decreased to a level in line with'the benefits received by ILA member employees. Relevant to this issue is Alabama Code 1975, § 33-1-5.2, which provides, in pertinent part:
“(a) The Alabama state docks department is hereby authorized to provide and establish a plan of life and health insurance for the salaried officers and employees of Alabama state docks who work full time....
“(d) The benefits provided for herein shall not exceed the benefits provided to employees of the Alabama state docks department subject to collective bargaining agreements.”
Section 33-l-5.2(a) “authorize^” the State Docks Department to “provide and establish” an insurance plan for its salaried employees, but it does not purport to require such a plan. Section 33-l-5.2(d) limits the salaried employees’ benefits that can be provided pursuant to subsection (a), by directing that “the benefits provided for herein [to salaried employees] shall not exceed the benefits provided to the employees of the Alabama state docks department subject to collective bargaining agreements,” here, the ILA member employees. We emphasize that it is undisputed that the benefits provided salaried employees are not provided under § 33-1-5.2, which is subject to the limitation on salaried employees’ insurance benefits found in § 33-l-5.2(d). The State Docks Department has obtained coverage for salaried employees pursuant to a different statutory scheme, the State Employee Health Insurance Plan, provided for at § 36-29-1 et seq.
*77 A careful review of § 33-l-5.2(d) indicates that nothing in its language directs that it should apply to any other statutory scheme. It expressly and unequivocally applies to “the benefits provided for herein [pursuant to § 33-1-5.2].” (Emphasis added.) By its clear language, § 33 — 1—5.2(d) would apply to require that salaried employees’ insurance benefits not exceed those of the ILA member employees only if the salaried employees’ insurance benefits were provided under § 33-1-5.2, i.e., if the benefits were “benefits provided for herein.” The benefits in issue are not provided under § 33-1-5.2, but are provided pursuant to another statutory scheme. We hold, therefore, that the limitation at § 33 — 1—1.5(d) does not apply in this ease, and we affirm the judgment of the trial court.[1]
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.
BUTTS, J., dissents.

. In so holding, we observe that nothing in the legislature's directive at § 33 — 1—5.2(d) purports to diminish the ILA's bargaining rights. Nothing in our opinion should be construed as infringing on the rights of ILA member employees to negotiate, through the ILA, for better benefits.